**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YUSEF STEELE,

                Plaintiff,

v.

PUBLIC DEFENDER MIDDLESEX
COUNTY, et al.,

                Defendants.

Civil Action No. 19-412 (MAS) (TJB)

**OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on the Court's *sua sponte* screening of *pro se* Plaintiff Yusef Steele's amended civil rights complaint (ECF No. 2) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Also before the Court is Plaintiff's motion seeking an injunction and to amend his complaint to include additional claims against several police officers. (ECF No. 9.) For the reasons set forth below, the Court will dismiss Plaintiff's complaint without prejudice and will deny his motion without prejudice.

**I.    BACKGROUND**

    Plaintiff is a state pre-trial detainee currently detained in the Middlesex County Adult Correctional Center. (ECF No. 2 at 3-4.) According to his amended complaint, Plaintiff believes that his assigned pool attorney – Defendant O'Herra,[1] and the Middlesex County Prosecutor,

---

[1] In the caption of this matter, this Defendant is named as Patrick O'Hara. Plaintiff in his amended complaint, however, clearly identifies his attorney using the spelling "O'Herra" in multiple places. This Court therefore uses that spelling in this opinion.

Defendant Vitalley, are "conspiring" to "commit a fraud upon the court" in order to secure his conviction on drug charges. (*Id.* at 4-6.) This alleged "fraud" apparently arises out of the use of "fraudulent documents" which apparently include a version of a search warrant affidavit that differs from one Plaintiff alleges he was previously provided. (*Id.* at 5-6.) Although it is not clear from the amended complaint, Plaintiff appears to allege that the version being used in court proceedings by his attorney and the prosecutor includes additional information provided to the judge who authorized the warrant to support a finding of probable cause, which Plaintiff appears to believe was "fraudulently" crafted after the fact to defeat his attempts to suppress the fruits of that search. (*Id.* at 18-19.) Plaintiff further alleges that O'Herra and Vitalley are "conspiring" to use these allegedly fraudulent documents to ensure his conviction. (*Id.* at 3-4.) Plaintiff makes no attempts, however, to explain or expound on this alleged conspiracy. Plaintiff also names the Middlesex County Public Defender's Office as a Defendant, presumably because they assigned O'Herra to his case. (ECF No. 2 at 1.)

While this matter was awaiting screening, Plaintiff filed an "emergency motion" seeking an injunction to stop further testing of evidence in his underlying state criminal case. (ECF No. 9.) In that motion, Plaintiff also requests that he be permitted to amend his complaint to add claims against Officers Michael Powers, Sean Powers, and Jeffrey Monticello of the New Brunswick Police Department for false arrest because he believes his arrest was made without probable cause because the officers did not "field test" packets of suspected controlled substances found on the persons of Plaintiff and his co-defendants at the time of their arrest. (*Id.* at 3.) Plaintiff further alleges that the expert reports identifying one of those packets as containing cocaine are "fraudulent" as he believes the reported lab tests were not conducted and the forensic examiner merely created false reports to support his indictment and eventual conviction. (*Id.* at 4-5.) Plaintiff therefore requests to also amend his complaint to add conspiracy claims against the

2

examiner, Tiffany B. Meeks, the three officers listed above, and the two attorneys addressed in the amended complaint based on the use of these allegedly false lab reports. (*Id.* 4-5.)

Although Plaintiff fails to elaborate on his belief that the police lacked probable cause to arrest him, or as to the alleged fraud or conspiracies he asserts, the documents he attached to his motion suggest the following. First, Plaintiff and two other men were arrested "as a result of a Police Investigation" on April 6, 2018, in New Brunswick, New Jersey. (*Id.* at 16.) During this arrest, the three men were found in possession of "[o]ne plastic bag containing . . . suspected Crack/Cocaine," a plastic bag containing "80 Glassine packets of suspected Heroin," a second "small baggie of suspected Crack/Cocaine," a plastic bag containing "1 Glassine packet of suspected Heroin . . . Stamped – 'After Party,'" a plastic bag containing "16 Glassine packets of suspected Heroin . . . Stamped – 'Black Panther,'" and a plastic bag containing "5 small orange zip lock baggies with glassine packets of suspected Heroin[] Stamped – 'Jackpot.'" (*Id.*). Proposed Defendant Meeks tested the first bag of suspected cocaine only using "Color Tests" and "Gas Chromatography" and was found to contain 4.67 grams of Cocaine. (*Id.* at 15, 17-21.) The remaining suspect substances were apparently not tested by Meeks. (*Id.* at 15.)

## II.  LEGAL STANDARD

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A because Plaintiff is a convicted state prisoner suing employees of New Jersey State Prison. Pursuant to § 1915A, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

3

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III. DISCUSSION

### A. Plaintiff's Amended Complaint

In his amended complaint, Plaintiff alleges, with little elaboration, that his assigned pool attorney and the prosecutor in his criminal matter are "conspiring" to defraud the court in his state criminal proceedings and thereby deny him due process. Initially, the Court notes that, to the extent Plaintiff wishes to plead that Defendants are engaging in fraud, he is required to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff asserting a fraud claim must therefore allege the "who, what, when, and where details of the alleged fraud" in order to meet the requirements of the rule. *District 1199P Health and Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 527 (D.N.J. 2011). "'The purpose of Rule 9(b) is to provide notice of the precise misconduct with which defendants are charged' in order to give them an opportunity to respond meaningfully to the complaint, 'and to prevent false or unsubstantiated charges.'" *Id.* (quoting *Rolo v. City of Investing Co. Liquidating Trust*, 155 F.3d 644, 658 (3d Cir. 1998)). Although Plaintiff vaguely alleges that fraud is being conducted and that this fraud includes certain additional information being added to a search warrant affidavit, he does not say who prepared this additional information or what this additional information says or how it will affect a potential motion to suppress. Plaintiff has thus failed to meet the requirements of Rule 9(b) in his attempt to plead fraud against Defendants O'Herra and Vitalley.

The Court next notes that all three Defendants named in Plaintiff's amended complaint are either not subject to suit in a civil rights matter not premised on a conspiracy or are immune from suit. Public Defenders, including both the Middlesex County Public Defender's Office and assigned pool attorney O'Herra, are not state actors when acting in their capacity as public defenders, and are therefore not subject to suit under § 1983 based on their actions in serving as a

5

defense attorney. *Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981); *but see Tower v. Glover*, 467 U.S. 914, 920-24 (1984) (public defender may be held liable under § 1983 where he conspired with state actors to deprive an individual of his rights). Any claim against the Public Defender's Office and O'Herra not premised on a conspiracy must therefore be dismissed without prejudice.

State prosecutors are likewise entitled to absolute immunity for actions taken in preparing for judicial proceedings or trials in which they act as advocates of the state. *Carter*, 717 F. App'x at 108; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). As the actions Plaintiff alleges as to Vitalley are actions expressly taken in furtherance of Plaintiff's prosecution, Vitalley is entitled to immunity as to all of Plaintiff's claims and must be dismissed from this matter as such.

Plaintiff also seeks to raise claims against defendants for an alleged conspiracy. Plaintiff seeks to raise this conspiracy claim under 42 U.S.C. § 1985(3).[2] A plaintiff seeking to raise such a claim must allege the following: a conspiracy, with the purpose of depriving him of equal protection or privileges and immunities under the law, an act in furtherance of that conspiracy, and personal or property injury. *Evans v. Gloucester Twp.*, 124 F. Supp. 3d 340, 354 (D.N.J. 2015). In alleging the purpose element, a plaintiff must allege facts showing that the alleged conspiracy was "motivated by racial, gender, or other class-based discriminatory animus." *Id.* As Plaintiff has not alleged any racial, gender, or other class-based animus by any named Defendant, his § 1985(3) conspiracy claim is dismissed without prejudice.

---

[2] Plaintiff does not specifically identify which subsection of § 1985 gives rise to his claims. Subsection one clearly does not apply, and subsection two would only arguably apply to the extent Plaintiff's alleged "conspiracy" has as its aim the obstruction of justice. As that is not clearly the case, this Court construes Plaintiff's claim as arising out of subsection three. Even were this Court to construe Plaintiff's claim to arise out of § 1985(2), however, any such claim would still need to be dismissed as Plaintiff fails to allege that the purported conspiracy is motivated by a "class-based, invidiously discriminatory animus." *Mayfield v. Montgomery Cnty. Corr. Facility*, No. 03-2234, 2009 WL 415992, at *8 (E.D. Pa. Feb. 12, 2009) (internal quotations omitted).

Even were this Court to construe Plaintiff's conspiracy claim to arise out of § 1983, rather than § 1985, Plaintiff's claims would still fail to state a plausible claim for relief as Plaintiff has not alleged facts showing, rather than merely asserting, a conspiracy. In order to plead a claim premised on a conspiracy, a plaintiff must allege facts showing actual agreement between the alleged conspirators and concerted action towards the object of the conspiracy. *See, e.g., Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008); *Epshteyn*, 608 F. App'x at 93; *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("the bare allegation of an agreement is insufficient to sustain a conspiracy claim"); *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015) (showing that two parties' actions had the same result insufficient to show conspiracy, conspiracy requires showing of actual agreement and concerted action). Plaintiff does not plead conspiracy or truly concerted action, and his conspiracy claims fail on that basis as well. As Plaintiff fails to plead a plausible conspiracy claim, and as Defendants are either immune or not subject to a civil rights suit outside of a conspiracy claim, Plaintiff's amended complaint must be dismissed in its entirety.

## B. Plaintiff's motion to amend

In addition to seeking injunctive relief, in his new motion, Plaintiff seeks to amend his amended complaint to add several additional claims. Although leave to amend is often freely given where there has been no undue delay, bad faith, or dilatory action on the part of the party seeking to amend a complaint, a motion to amend should not be granted where the amendment would be futile. *See In re Merck & Co., Inc. Securities, Derivative & ERISA Litigation*, 493 F.3d 393, 400 (3d Cir. 2007). An amendment is deemed futile where the proposed amendment "would fail to state a claim upon which relief could be granted." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

7

In his motion to amend his complaint, Plaintiff seeks to raise claims for false arrest against three police officers involved in his arrest, and to assert § 1985 conspiracy claims against the officers, Meeks, and the previously named Defendants premised on the use of allegedly fraudulent laboratory tests. As with his attempts to plead fraud discussed above, Plaintiff once again fails to plead fraud with particularity, and instead rests his allegations of fraud merely on his belief that the tests in question were never conducted. Putting that aside, however, his attempts to plead § 1985 conspiracy claims in his motion to amend all fail for the same reasons discussed above – Plaintiff fails to plead an invidious discriminatory animus based on race or some other protected characteristic and thus fails to state a claim under § 1985, and Plaintiff fails to plead actual agreement and concerted action sufficient to support any other form of conspiracy claim. Plaintiff's attempt to amend his complaint to add further conspiracy or § 1985 claims is therefore futile as those claims would need to be dismissed were he permitted to raise them in this matter. *In re Merck & Co.*, 493 F.3d at 400.

Plaintiff also seeks to amend his complaint to raise a claim against the three police officers for false arrest or false imprisonment as he believes he was arrested without probable cause. False arrest and false imprisonment claims under § 1983 are two sides of the same coin and share the same elements – that a plaintiff was arrested and thereafter detained, and that this arrest was not based on probable cause. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *see also Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268-69 (3d Cir. 2000). Here, Plaintiff does not plead facts indicating that the three officers arrested him without probable cause, he instead merely asserts his opinion to that effect based on the fact that officers didn't "field test" the numerous presumed drugs found on his person prior to his arrest. In making this claim, Plaintiff does not dispute that he and his cohorts were arrested after police discovered them to be in possession of numerous glassine packets which appeared to contain controlled substances following a police

8

investigation as indicated in the police reports he attaches to his motion to amend. Although a positive field test would certainly have made it clear that Plaintiff and his cohort possessed drugs in violation of state law, that Plaintiff was found to be in possession of numerous suspected illicit substances, stamped and marked as if for sale, is itself indicative of probable cause to arrest. In the absence of allegations of other facts which undermine this conclusion, Plaintiff has failed to plead sufficient facts to support his bare allegation of a lack of probable cause. Plaintiff's false arrest and/or imprisonment claims therefore fail to state a claim for which relief may be granted, and Plaintiff's request to amend his complaint to assert those claims is denied as futile. *In re Merck & Co.*, 493 F.3d at 400.

### C. Plaintiff's motion seeking an injunction

Finally, in his motion Plaintiff requests that this Court enjoin the state, his trial court, and the public defender's office from retesting or reanalyzing the alleged illicit substances used as the basis for his state court drug charges. In requesting such an injunction, Plaintiff is directly asking this Court to intervene in and interfere with his state court criminal proceedings, something this Court is not permitted to do. *See, e.g., ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014) (*Younger* abstention doctrine requires that federal courts abstain from hearing federal civil cases which "threaten[] to interfere with . . . state criminal prosecutions"); *see also Younger v. Harris*, 401 U.S. 37 (1971). Thus, even if Plaintiff's amended complaint were not being dismissed without prejudice, this Court could not grant his motion. Plaintiff's motion seeking an injunction is therefore denied.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety, and Plaintiff's motion seeking to amend his complaint and to procure an injunction (ECF No. 9) is **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE